**Federal Defenders**
OF NEW YORK, INC.

Eastern District
100 Federal Plaza, Room 770
Central Islip, NY 11722
Tel: (631) 712-6500 Fax: (612) 712-6505

Tamara L. Giwa
*Executive Director*

Michelle A. Gelernt
*Attorney-in-Charge*

May 27, 2025

**Via CM/ECF and Email**
Charles Rose
Assistant U.S. Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York, 11722

Re: *United States v. Anibal Mejia Guzman*, 25-CR-174 (JS)
   **Discovery Request**

Dear Counsel:

I represent Anibal Mejia Guzman on the above-captioned case. This letter constitutes a formal request for discovery in accordance with the Local Rules, Rule 16, F.R.C.P., the constitutional requirements set forth by *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and *United States v. Agurs*, 427 U.S. 97 (1976). Each request calls for all responsive items which are within the possession, custody, or control of the government, or which are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and prompt notice is requested if responsive information comes to the government's attention at any point in the future.

If the government declines to provide any information requested herein, please advise me of the government's objection to see whether we need to discuss those issues with the Court in a timely fashion.

As per F.R.C.P. 16.1(a), I am available for a Pretrial Discovery Conference at a date and time convenient for all parties.

### Statements of the Defendant

1) All written or recorded statements made by Mr. Mejia Guzman, at any time and in any context, regardless of the government's intentions with respect to their use at trial. *See* Rule 16(a)(1)(B), Fed. R. Crim. P.

2) All records, reports, memoranda, notes, or other writings which contain the substance of any oral statement made by Mr. Mejia Guzman to the government, federal or state law enforcement authorities, regardless of the government's intentions with respect to the statement's use at trial. *See* Rule 16(a)(1)(A), Fed. R. Crim. P. This request includes internal reports and memoranda prepared by federal or state law enforcement agents to the extent that statements of Mr. Mejia Guzman are related or described. Where Mr. Mejia Guzman's statement is contained in more than one writing, please provide each such writing.

3) The substance of all oral statements made by Mr. Mejia Guzman to the government or any law enforcement authorities, federal or state, which have not been disclosed pursuant to requests 1) and 2) above and which the government may use at trial. *See* Rule 16(a)(1)(A), Fed. R. Crim. P. This request includes not only statements which the government intends to introduce at trial, but also statements which the government "may use" for impeachment or other purposes.

4) The substance of all statements and expressive conduct of Mr. Mejia Guzman in response to **all** Miranda warnings given to him, as well as all statements or questions concerning Fifth or Sixth Amendment rights. *See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982).

5) All recorded testimony of Mr. Mejia Guzman or of any person authorized to legally bind him or to make admissions on Mr. Mejia Guzman's behalf before any grand jury.

6) With respect to the government's due diligence obligation, please provide the name and whereabouts of any government agent or witness who has had contact with Mr. Mejia Guzman but who has not been interviewed to determine whether Mr. Mejia Guzman made statements in his or her presence.

### Criminal Record

7) M. Mejia Guzman's prior criminal record. Rule 16(a)(1)(D), Fed. R. Crim. P. Please include rap sheets maintained by the Federal Bureau of Investigation, New York State Division of Criminal Justice Services, and any other relevant law enforcement authority. <u>These records were turned over as part of the discovery provided to the Defense on January 22, 2025, but if there are any outstanding documents pertaining to Mr. Mejia Guzman's criminal record, please provide them.</u>

### Search and Seizure

8) Any search warrant, warrant affidavit, warrant return forms, and/or warrant inventories that were prepared in connection with this case, including the arrest warrant

with the physical description of the suspect who the ICE agents were looking for, who "matched the description" of Mr. Mejia Guzman. Please provide a full unredacted copy of that warrant.

9) Information regarding why the agents were outside of Mr. Mejia Guzman's home on the date of arrest, and the residential address the agents had for the suspect they were looking for.

10) All documents or other items obtained as a result of searches or seizures.

11) If any evidence obtained was taken from Mr. Mejia Guzman or belongs to him, state whether it was taken pursuant to a warrant, and if so, provide the names of any officers involved, and the date, time and exact location of any such seizures.

12) If any evidence obtained was taken from Mr. Mejia Guzman or belongs to him and was not taken pursuant to a warrant, please provide the names of any officers involved, the date, time, and exact location of any such evidence seized, the circumstances under which it was seized; and state how it was packaged at the time of seizure.

13) The exact location within the home, apartment, office, or vehicle where each item was allegedly seized.

14) The exact location where Mr. Mejia Guzman was seized and arrested.

## Documents and Tangible Objects

15) Copies of all recordings, books, papers, documents and photographs which are material to the preparation of the defense, are intended for use at trial or which were obtained from or belong to Mr. Mejia Guzman. This request includes law enforcement body camera recordings. *See* Rule 16(a)(1)(E), Fed. R. Crim. P.

16) Please provide a description of all tangible objects, buildings, places, electronic devices, and computers that are material to the preparation of the defense, which are intended for use at trial, or which were obtained from or belong to Mr. Mejia Guzman. See Rule 16(a)(1)(E), Fed. R. Crim. P. We request access to the original objects, buildings, places, electronic devices, and computers at an appropriate time.

17) Copies of all pictures, including mugshots, showing Mr. Mejia Guzman's physical appearance immediately after arrest, including any pictures taken of him when he was booked and processed at Nassau County Corrections, Orange County Jail, and any other detention center where he was taken to after he was arrested.

### **Personal Property**

18) Please arrange for the return of all personal property, belongings and effects which were taken from Mr. Mejia Guzman at the time of his arrest or thereafter. Please provide a detailed inventory of all property which you are unwilling or unable to release at this time, together with copies of all such items which are documentary in nature. This request includes, but is not limited to, electronic devices, computers, address books, notes, business cards, papers, and United States currency. *See* Rule 16(a)(1) (E), Fed. R. Crim. P.

### **Destruction or Release of Items**

19) Please provide a detailed description of any documents, objects or physical evidence relating to this case which have been destroyed, lost, or which are no longer in the custody or control of the government. If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

### **Reports of Examinations and Tests**

20) Copies of all reports and results of all physical or mental examinations and all scientific experiments or tests which were performed in connection with this case, or which are material to the preparation of the defense or intended for use at trial. *See* Rule 16(a)(1)(F), Fed. R. Crim. P.

### **Other Crimes, Wrongs, or Acts**

21) Please describe any evidence of uncharged conduct of Mr. Mejia Guzman which the government intends to introduce at trial. *See* Rule 404(b), Fed. R. Evid.

### **Expert Testimony**

22) Please disclose any evidence which the government may present at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence by providing a written report prepared and signed by the witness that includes a complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information relied upon in forming such opinions, and the qualifications of the witness. *See* Rule 16(a)(1)(G). This request includes all areas requiring expertise, including, but not limited to all computer and forensic matters.

## Identification Procedures

23) Please provide a description of any identification procedure employed in this case, including lineups, showups, photo arrays, or the display of Mr. Mejia Guzman's person, photograph or image to any witness. Please state the date, time and place of each occurrence and the names of the persons including counsel who were present.

24) If any identification procedure has been employed, please provide copies of all photographs and photo arrays as well as all documents or recordings which describe or memorialize the identification procedure(s).

25) If any witness has identified Mr. Mejia Guzman as a result of any identification procedure, please identify the witness and indicate the date the identification occurred, and the degree of certainty expressed by the witness. In addition, please provide in detail any description provided by the witness at any time prior to the identification procedure. *See Neil v. Biggers*, 409 U.S. 188, 199 (1972).

26) If any witness has **failed** to identify Mr. Mejia Guzman after any identification procedure, please identify the witness and indicate the date and circumstances of the identification procedure. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 115 S. Ct. 1555 (1995).

## Witness Information

Pursuant to *United States v. Giglio*, 405 U.S. 150, 92 S.Ct. 763, 321 L.Ed.2d (1972), *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), *United States v. Cannone*, 528 F.2d 296 (2d Cir. 1975), *United States v. Percevault*, 490 F.2d 170 (9th Cir. 1973), *United States v. Richter*, 488 F.2d 170 (9th Cir. 1973), *United States v. Baum*, 482 F.2d 1325 (2d Cir. 1973) and Federal Rules of Evidence, Rules 608 and 609, please provide:

27) A list of witnesses the government intends to call at trial, including the names of all persons said to have been present at or to have personal knowledge of any statements or actions of Mr. Mejia Guzman and their addresses, agency affiliation (if relevant) and criminal record, if any.

28) Copies of prior statements of witnesses or reports of agents related to this case.

29) The names of any person present during any part of the commission of any of the acts alleged in the indictment whom the government does not intent to call as a witness.

30) A written list of the names and qualifications of all experts the government intends to call as witnesses at trial, together with all reports made by such experts or, if reports have not been made, a brief description of the opinion and subject matter of the opinion to which each is to testify.

31) Copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective witness offering assistance to the witness in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the witness.

### **Informant Information**

Pursuant to *United States v. Giglio*, 405 U.S. 150, 92 S.Ct. 763, 321 L.Ed.2d 104 (1972), *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), *McCray v. Illinois*, 386 U.S. 300, (1967), *United States v. Turbide*, 558 F.2d 1053 (1977), *Roviaro v. United States*, 299 F.2d 812 (2d Cir. 1957), please state:

32) Whether any government informant is a key witness or alleged to have participated in any of the acts alleged in the indictment, and if so, the names and addresses of such persons. *Roviaro v. United States*, 353 U.S. 53 (1957); *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988).

33) Whether any government informant is alleged to have been present during any of the acts alleged in the indictment, and the name and address of any and all such persons.

34) Whether any government informant has provided any information which led to the arrest of Mr. Mejia Guzman.

35) If the answer to any of the previous three questions is "yes," please state:

    (a) Whether the informant was registered or not;

    (b) Whether the informant has worked for the government in the past;

    (c) Whether the informant has a prior criminal record, and if so, provide it;

    (d) Whether the informant was paid for his or her efforts in this case and if so, how much;

    (e) Whether the informant has any pending cases anywhere, and if so, whether any assistance or consideration was offered or is intended by the

6

government to be offered on behalf of the informant with respect to any pending case the informant has.

36) Whether any government informant provided probable cause for the arrest or apprehension of Mr. Mejia Guzman, or seizure of evidence in his case, and if so, please make that person available for an *in camera* inspection by the court.

37) Copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective informant offering assistance to the informant in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the informant.

38) Whether the government intends to call any informants, cooperating witnesses, or accomplices as witnesses at trial. If so, provide the name, address, and date of birth of ach such individual. *See Roviaro v. United States*, 353 U.S. 53, 60-62 (1957).

### **Brady and Giglio Material**

Pursuant to the Constitutional requirements of *United States v. Agurs*, 427 U.S. 97 (1927), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 115 S. Ct. 1555 (1995); *A.B.A. Standards for Criminal Justice*, Prosecution and Defense Function 3-3.11(a) (3d ed. 1993), please provide:

39) Any exculpatory or favorable evidence or information, or any evidence or statements of anyone which may be favorable to Mr. Mejia Guzman or which may tend to exonerate him, which is in the possession or control of the government or its agents, or, if unknown, can by due diligence become known or acquired by the government, or its agents, including, but not limited to, the following:

>   (a) copies of any statement or the substance of any oral statements made by any prospective government witness, or by any co-defendant or alleged co-conspirator indicted or unindicted, which is exculpatory of or favorable to Mr. Mejia Guzman, or which is inconsistent with any fact the government alleges with respect to the charges in the indictment;
>
>   (b) copies of any statements or the substance of any oral statements made at any time by Mr. Mejia Guzman in which he refused to participate in the acts alleged;
>
>   (c) copies of any reports of mental illness, drug use, excessive alcoholism, or any medical condition which would affect the ability to observe or

remember an observed fact of any prospective government witness or informant;

(d) reports of any statement by any prospective witness or agent or informant who, having been able to observe Mr. Mejia Guzman in a location relevant to the commission of the alleged crimes, failed at a later date to identify Mr. Mejia Guzman as the person who was in that location.

40) Any and all documents, information, or other evidence which might tend to impeach the government's witnesses. This includes any and all records and information revealing prior misconduct attributed to the witness, prior inconsistent statements, and present motivation to falsify, including, but not limited to personnel files, administrative or disciplinary records, rap sheets, and any and all orders, memoranda, and agreements granting the witnesses any form of immunity from criminal prosecution; any and all investigations into the witnesses' conduct which might reasonably provide a motive for the witnesses' testimony; any and all vouchers or receipts reflecting reimbursement or payments made to the witness; and any and all records, memoranda and correspondence between any non-law enforcement witnesses and law enforcement authorities which might reasonably reflect on the witnesses' motives and relationships with the government. *Giglio v. United States*, 405 U.S. 150, 154-55 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Kiszewski*, 877 F.2d 210, 215-16 (2d Cir. 1989); *A.B.A. Standards for Criminal Justice*, Prosecution and Defense Function 3-3.11(a) (3d ed. 1993).

41) In addition to the above, please provide all documents, books, papers, photographs, tests or experiments, objects, statements of witnesses, and other evidence and information which tends to exculpate Mr. Mejia Guzman, or which may be favorable or useful to the defense as to either guilt or punishment, or which tends to affect the weight or credibility of evidence to be presented against Mr. Mejia Guzman. This request applies to evidence which is within the possession, custody, or control of the government, or which is or could, by the exercise of due diligence, become known to the government. *Brady v. Maryland*, 373 U.S. 83 (1963).

42) If the government is aware of facts, which would constitute <u>Brady</u> material but assumes that Mr. Mejia Guzman's counsel knows or should know such facts, please verify that counsel is aware of these facts.

I recognize that the above requests may trigger the provisions of Rule 16(b). Currently, I am not in possession, nor have I seen any information or documents that are required by reciprocal discovery, but I will provide such discovery should something required become available.

      Thank you for your cooperation. Please don't hesitate to call if you have any questions about the above-requested items.

      Respectfully submitted,

      _____
      Felipe Garcia
      Counsel for Anibal Mejia Guzman
      Assistant Federal Defender
      Federal Defenders of New York, Inc.
      770 Federal Plaza | Central Islip, NY 11722
      Phone: (631) 712-6500 Fax: (631) 712-6505
      Email: felipe_garcia@fd.org

cc:    Clerk of the Court