

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CNR:SAE
F. #2025R00257

*610 Federal Plaza*
*Central Islip, New York 11722*

July 17, 2025

<u>By Email and ECF</u>

Felipe Andres Garcia, Esq.
Federal Defenders of NY, Inc.
770 Federal Plaza
Central Islip, New York 11722

        Re:    United States v. Anibal Edgardo Mejia-Guzman
                <u>Criminal Docket No. 25-CR-172(JS)</u>

Dear Mr. Garcia:

      Enclosed please find discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure." Specifically, the government is providing you with documents and items bates-numbered GUZMAN000154-GUZMAN000162 via a shareable site, USA File Exchange.

      **Please be advised that you must download the materials from USA File Exchange within 60 days from the date they were uploaded. The USA File Exchange is not a storage site and the materials are automatically deleted within 60 days.**

      The government also requests reciprocal discovery from the defendant.

I.     <u>The Government's Discovery</u>

    A.    <u>Documents and Tangible Objects</u>

      Responsive video recordings are enclosed in the attachments produced, Bates-numbered GUZMAN000154-GUZMAN000162, including video surveillance footage collected from 162 Broadway West Hempstead, New York 11552.

      You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of

the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

        Very truly yours,

        JOSEPH NOCELLA, JR.
        United States Attorney

By:   /s/ Sarah A. Elardo
      Sarah A. Elardo
      Special Assistant U.S. Attorney
      (718) 254-6263

Enclosures

cc:    Clerk of the Court (JS) (by ECF) (without enclosures)