

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CNR:SAE
F. #2025R00257

*610 Federal Plaza*
*Central Islip, New York 11722*

July 24, 2025

By E-Mail and ECF

The Honorable Joanna Seybert
United States District Judge
610 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Anibal Edgardo Mejia Guzman
              Criminal Docket No. 25-174 (JS)

Dear Judge Seybert:

      The government respectfully submits this letter in reply to the defendant Anibal Edgardo Mejia Guzman's opposition to our motions in limine. See ECF No. 18 (government's motions in limine) ("Mot."); ECF No. 25 (defendant's opposition) ("Opp."). For the following reasons, the defendant's arguments in opposition to our motions are without merit.

    I.    The Court Should Permit Officers to Testify about the Administrative Warrant.

      The defendant first argues that the government should not imply immigration officers had the authority to arrest the intended target. See ECF No. 25 at 2. However, said fact, that the officers were present in the vicinity to conduct an administrative arrest on a target, is essential for the jury to hear. The government intends to introduce evidence that, on April 27, 2025, immigration officers were present in order to execute an administrative warrant of removal and conduct an administrative arrest. One document, which the government intends to introduce, is the warrant of removal the immigration officers issued and relied on, following an immigration judge's removal order. Said information is necessary to provide complete context to the jury. The officer's reliance on said warrant of removal completes the story leading up to the charged crime, which is essential for the jury to hear and consider.

      Further, the admission of such evidence tends to make a fact of consequence in the action more probable than it would be without the evidence. See Fed. R. Evid. 401; United States v. Gonzalez, 110 F.3d 936, 941 (2d Cir. 1997) ("Relevant evidence is not confined to that which directly establishes an element of the crime." (emphasis added)). Here, the government bears the burden to prove the officers were engaged in their official duties at the time of the incident. Therefore, explaining to the jury the planned events on April 27, 2025, is necessary to meet our burden. Specifically, that the officers had an administrative warrant and planned to make an

administrative arrest, establishes an element of the crime. Therefore, the government should be permitted to introduce such evidence at trial.

    II.    <u>Evidence of Mr. Mejia Guzman's Immigration Status is Admissible under FRE 403.</u>

The defendant argues that evidence of Mr. Mejia's immigration status should be excluded under FRE 403. <u>See</u> ECF No. 25 at 2. The defendant argues that the jurors will need to look to whether signs that Mr. Mejia Guzman's physical movements were voluntary and intentional and not speculate about his potential motive. However, the argument is improper. Motive is always relevant in a criminal case, even if it is not an element of the crime. <u>United States v. Hill</u>, 643 F.3d 807, 843 (11th Cir. 2011) (quoting <u>United States v. Sriyuth</u>, 98 F.3d 739, 747 (3d Cir. 1996)). The defendant's immigration status provides jurors with the proper context explaining why the defendant resisted officers' lawful orders from the outset of the encounter on April 27, 2025. It is relevant for the jurors to consider that, because the defendant is illegally present in the United States, he had a motive to be uncooperative from the outset. Therefore, the defendant's immigration status at the time of this encounter is relevant for the jurors to hear as it goes to his relevant mental state at the time of the encounter and explains why he would resist.

The defendant further argues, that if the court admits evidence of the defendant's immigration history, at a minimum, it should preclude the government and its witnesses from using pejorative terms like "illegal alien." <u>See</u> ECF No. 25 at 5. However, the request is simply null. The defendant conceded to immigration officers' that he entered the United States illegally and admitted to having no legal status in the United States. Therefore, the defendant admits that he is, in fact, an illegal alien. The term "illegal alien" is a censored term that is less prejudicial than the codified language. The term "alien" is defined as any person who is not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3). Although the term "illegal alien" is not codified as a legal term in a United States Code, other terms are codified. The term "deportable alien" is defined as any alien in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens: (c) violated nonimmigrant status or condition of entry. 8 U.S.C. § 1227. In sum, deportable aliens encompass individuals who have entered the United States illegally or who have violated the terms of their entry. <u>Id</u>. Said terms are statutorily defined and classified; and, therefore, are lawful means of referring to the defendant's immigration status.

To refer to the defendant as a deportable alien, as opposed to an illegal alien, would only allude to the possible collateral consequence of deportation. Although the defendant later argues that referencing the defendant's possible collateral consequence of deportation should be allowed, evidence concerning punishment or potential deportation would only serve to mislead the jury and invite jury nullification. Therefore, referring to the defendant as an "illegal alien" is a more conservative, factually consistent, and probative. Accordingly, the defendant's immigration status, and the term "illegal alien" should be admissible.

    III.    <u>Evidence of Mr. Mejia Guzman's Prior Convictions are Admissible under FRE 401 and FRE 404(b)</u>

The defendant argues that evidence of the defendant's 2006 conviction for the infraction of Driving While Ability Impaired by Alcohol (DWAI) and his 2010 misdemeanor

conviction of Driving While Intoxicated (DWI) are inadmissible under FRE 401 and FRE 404(b), because the previous convictions have nothing to do with the facts of this case; however, the defendant is plainly wrong. See ECF No. 25 at 6-9.

First, the defendant argues that the prior convictions are not relevant under FRE 401; however, the argument is unsupported. Id. at 6. Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Direct evidence is "not confined to that which directly establishes an element of the crime." United States v. Gonzalez, 110 F.3d 941, 942 (2d Cir. 1997). As the Second Circuit has explained, "[t]o be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." Id.; accord United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991). Here, the evidence of the defendant's prior convictions certainly provides context and dimension to the case. Specifically, based on the defendant's knowledge of potential consequences that followed when he was previously pulled over, provides an incentive, at the time he was pulled over on April 27, 2025, to withhold his identity and immigration status to avoid possible collateral consequences. The government does not intend to get into the facts and circumstance surrounding the prior convictions; however, the government intends to introduce the evidence to merely prove the fact that the defendant has knowledge and is familiar with law enforcement procedures that occur when one gets pulled over while operating a motor vehicle.

Under Federal Rule of Evidence 404(b), the defendant's prior convictions are admissible for the non-propensity purposes of showing the defendant's intent, motive and lack of mistake, for the reasons described in the government's opening brief. See ECF No. 19 at 12-15. The government intends to introduce the prior convictions for the limited purpose of proving the defendant's knowledge of his general obligations as a driver. The government is certainly not contending the defendant was driving while under the influence on April 27, 2025. However, the prior convictions are relevant to prove that, because the defendant was previously convicted of crimes committed while operating a vehicle, he was aware and familiar the events that immediately follow when law enforcement approaches a vehicle. Specifically, the defendant was aware that officers can approach a vehicle, request the driver to identify themselves, and request items such as license and registration. Upon Officer Dickerson making such requests on April 27, 2025, the defendant refused to comply with officers' requests to produce such items and blatantly ignored officers on April 27, 2025.

Although the defendant argues the government need only prove the defendant intended to make the action of assaulting or resisting the officers, the defendant's prior convictions go towards his motive at the time of the incident, specifically when the defendant attempted to pull his vehicle away and struck Deportation Officer Dickerson in the face. Therefore, as the evidence is being offered to furnish an explanation of the understanding or intent with which certain acts were performed, said evidence is admissible under FRE 404(b). Accordingly, the defendant's prior convictions are admissible under FRE 401 and FRE 404(b).

3

IV.   The Court Should Preclude Evidence of the Defendant's Own Self-Serving Statements

The Court should preclude the defendant from admitting other statements or portions of statements made by the defendant, either on cross-examination or in their case-in-chief, because such testimony would constitute hearsay without any exception for admission.

The defendant, though he failed to identify which of his specific statements he intends to introduce, relied on the rule of completeness as a sweeping attempt to introduce all remaining self-serving statements made by the defendant. It is well established that a defendant generally prohibited from introducing his own out-of-court statements at trial. See United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.") Therefore, a "court may . . . exclude any portion that consists largely of a defendant's own self-serving statements, which, as offered by him, are inadmissible hearsay." United Stats v. Mahaffy, No. 05-CR-613 (ILG), 2007 WL 1094153, at *2 (E.D.N.Y. Apr. 10, 2007).

A defendant also may not introduce his own statements pursuant to the rule of completeness without complying with its strict terms. Self-serving statements are not admissible by a defendant unless "their exclusion would unfairly distort the meaning of the declarant's non-hearsay statements that are in evidence." United States v. Harper, No. 05-CR-6068 (DGL), 2009 WL 140125, at *5 (W.D.N.Y. Jan. 20, 2009). Accordingly, the Second Circuit has excluded hearsay statements offered by the defendant that, by their omission, do not distort the admitted statements. See United States v. Gonzalez, 399 F. App'x 641, 645 (2d Cir. 2010) (affirming district court's decision to exclude portion of defendant's statement where admitted portion did not distort the meaning of the full statement).  As the Second Circuit has explained, a defendant may not introduce other parts of the same statement offered in part by the government unless the defendant makes a proper showing that the statements he seeks to introduce have a separate basis for admission. See United States v. Jackson, 180 F.3d 55, 73 (2d. Cir. 1999) (rejecting claim under the completeness doctrine that later portions of conversation provided relevant context and noting that "the portions of the tape proffered by [defendant] consisted largely of [his] own self-serving statements, which, as offered by him, are inadmissible hearsay").

As the defendant failed to make any showing that <u>any</u> statements he seeks to introduce have a separate basis for admission, the defendant's remaining statements are plainly inadmissible hearsay.  Instead, the defendant's clear purpose in offering this evidence would be to prove the truth of his statements—i.e., that he pleaded to Deportation Officer Olivencia to be able to stay with his daughters at the time of his arrest because he has worked hard to support them.  The statements would not be offered for any other purpose other than to invoke sympathy to the jury and ultimately allude to jury nullification.  Accordingly, as the defendant has failed to both identify the specific statements that are admissible as non-hearsay, nor identify any applicable hearsay exception, the Court should preclude the defendant from admitting all other statements not previously identified by the government.

V.   The Court should Preclude the Defendant from Introducing Evidence Eliciting Sympathy

4

The defendant argues the government's request to preclude the defense from introducing any evidence that seeks to elicit sympathy from the jury is overbroad. See ECF No. 25 at 11. The defendant is on trial for the charge of assault on a federal officer. The defendant, in various sections of his motion, articulated the facts and circumstances that are relevant for the jury to consider, which surround the physical encounter between the defendant and Officer Dickerson and Special Agent Abbensetts on April 27, 2025. Allowing the defendant to introduce evidence concerning his family history has no tendency to make any "facts of consequence" in this case more or less probable and thus should be excluded. Admitting said evidence would only serve to invoke sympathy from jurors in an inappropriate effort to excuse the defendant's commission of the charged offense.

VI.   **The Court Should Preclude Evidence That Attempts to Reflect Poorly on ICE and ICE Officials**

The defendant next argues that she should be able to offer evidence of the policy shifts as they might similarly produce impeachment evidence. This argument fails for the sole reason that this evidence is plainly improper under Rule 403 for the reasons described in the government's opening brief.

Moreover, the defendant's explanation as to <u>why</u> he should be able to admit this evidence is further proof that his primary aim at this trial will be to improperly confuse and mislead the jury and invite nullification. In the second paragraph of sentences of this portion of his opposition, the defendant begins to mislead the court while improperly pointing out facts of consequence that are not relevant in this case. The relevant questions one should ask themselves when analyzing this care are: (1) were the officers' engaged in lawful duties at the time of the encounter; and (2) did the defendant knowingly and intentionally resist the officers." Admitting questioning about ICE policies would certainly not help the jury understand officer's actions but would only mislead them to believe that political aspersions affiliated with ICE were relevant in this case —which they are not. The defendant's argument strongly suggests that his strategy at trial will instead be to admit plainly improper evidence (e.g., evidence that if officers were facing increased pressure to make arrests, then the defendant did not knowingly resist them during their encounter). The argument is flawed and improper. This preposterous attempt to inappropriately discount the evidence of the defendant's guilt should not be allowed.

VII.   Conclusion

        Accordingly, the defendant's arguments in opposition to the government's motions in limine are without merit.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOSEPH NOCELLA, JR.<br>United States Attorney |
| By: | /s/<br>Sarah A. Elardo<br>Special Assistant U.S. Attorney<br>(718) 254-6263 |

cc:   Clerk of the Court (JS)