**Federal Defenders**
OF NEW YORK, INC.

Eastern District
100 Federal Plaza, Room 770
Central Islip, NY 11722
Tel: (631) 712-6500 Fax: (612) 712-6505

*Tamara L. Giwa*
Executive Director

*Michelle A. Gelernt*
Attorney-in-Charge

July 30, 2025

**Via CM/ECF and Email**
Charles Rose
Assistant U.S. Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York, 11722

    Re:    *United States v. Anibal Mejia Guzman*, 25-CR-174 (JS)
              **Discovery Request**

Dear Counsel:

    I represent Anibal Mejia Guzman on the above-captioned case. The Defense previously filed a Discovery Request Letter, *see* ECF No. 11, on May 27, 2025. This letter constitutes a formal request for outstanding discovery that has not been provided to this date, in accordance with the Local Rules, Rule 16, F.R.C.P., the constitutional requirements set forth by *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and *United States v. Agurs*, 427 U.S. 97 (1976). The items requested are responsive items which are within the possession, custody, or control of the government, or which are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and prompt notice is requested if responsive information comes to the government's attention at any point in the future.

    If the government declines to provide any information requested herein, please advise me of the government's objection to see whether we need to discuss those issues with the Court in a timely fashion.

    As per F.R.C.P. 16.1(a), I am available for a Discovery Conference at a date and time convenient for all parties.

## Documents and Tangible Objects

1) Copies of all pictures, including mugshots, showing Mr. Mejia Guzman's physical appearance immediately after arrest, including any pictures taken of him when he was booked and processed at Nassau County Corrections, Orange County Jail, and any other detention center where he was taken to after he was arrested.

## Witness Information

Pursuant to *United States v. Giglio*, 405 U.S. 150, 92 S.Ct. 763, 321 L.Ed.2d (1972), *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), *United States v. Cannone*, 528 F.2d 296 (2d Cir. 1975), *United States v. Percevault*, 490 F.2d 170 (9th Cir. 1973), *United States v. Richter*, 488 F.2d 170 (9th Cir. 1973), *United States v. Baum*, 482 F.2d 1325 (2d Cir. 1973) and Federal Rules of Evidence, Rules 608 and 609, please provide:

2) Copies of prior statements of witnesses or reports of agents related to this case.

## Brady and Giglio Material

Pursuant to the Constitutional requirements of *United States v. Agurs*, 427 U.S. 97 (1927), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 115 S. Ct. 1555 (1995); *A.B.A. Standards for Criminal Justice*, Prosecution and Defense Function 3-3.11(a) (3d ed. 1993), please provide:

5) Any exculpatory or favorable evidence or information, or any evidence or statements of anyone which may be favorable to Mr. Mejia Guzman or which may tend to exonerate him, which is in the possession or control of the government or its agents, or, if unknown, can by due diligence become known or acquired by the government, or its agents, including, but not limited to, the following:

> (a) copies of any statement or the substance of any oral statements made by any prospective government witness, or by any co-defendant or alleged co-conspirator indicted or unindicted, which is exculpatory of or favorable to Mr. Mejia Guzman, or which is inconsistent with any fact the government alleges with respect to the charges in the indictment;
>
> (b) copies of any statements or the substance of any oral statements made at any time by Mr. Mejia Guzman in which he refused to participate in the acts alleged;
>
> (c) copies of any reports of mental illness, drug use, excessive alcoholism, or any medical condition which would affect the ability to observe or

   remember an observed fact of any prospective government witness or informant;

   (d) reports of any statement by any prospective witness or agent or informant who, having been able to observe Mr. Mejia Guzman in a location relevant to the commission of the alleged crimes, failed at a later date to identify Mr. Mejia Guzman as the person who was in that location.

  6) Any and all documents, information, or other evidence which might tend to impeach the government's witnesses. The government in its Memorandum of Law in Support of their Motions in Limine, ECF No. 18 at 8, n. 4, states that it does not anticipate calling "Deportation Officer 2" to testify at trial. **The Defense requests that they provide any and all records and information, including reports and grand jury testimony, by "Deportation Officer 2" which impeach the government's trial witnesses**. In addition, this request includes any and all records and information revealing prior misconduct attributed to the witness, prior inconsistent statements, and present motivation to falsify, including, but not limited to personnel files, administrative or disciplinary records, rap sheets, and any and all orders, memoranda, and agreements granting the witnesses any form of immunity from criminal prosecution; any and all investigations into the witnesses' conduct which might reasonably provide a motive for the witnesses' testimony; any and all vouchers or receipts reflecting reimbursement or payments made to the witness; and any and all records, memoranda and correspondence between any non-law enforcement witnesses and law enforcement authorities which might reasonably reflect on the witnesses' motives and relationships with the government. *Giglio v. United States*, 405 U.S. 150, 154-55 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Kiszewski*, 877 F.2d 210, 215-16 (2d Cir. 1989); *A.B.A. Standards for Criminal Justice*, Prosecution and Defense Function 3-3.11(a) (3d ed. 1993).

  7) In addition to the above, please provide all documents, books, papers, photographs, tests or experiments, objects, statements of witnesses, and other evidence and information which tends to exculpate Mr. Mejia Guzman, or which may be favorable or useful to the defense as to either guilt or punishment, or which tends to affect the weight or credibility of evidence to be presented against Mr. Mejia Guzman. This request applies to evidence which is within the possession, custody, or control of the government, or which is or could, by the exercise of due diligence, become known to the government. *Brady v. Maryland*, 373 U.S. 83 (1963).

  7) If the government is aware of facts, which would constitute <u>Brady</u> material, but assumes that Mr. Mejia Guzman's counsel knows or should know such facts, please verify that counsel is aware of these facts.

3

Thank you for your cooperation. Please don't hesitate to call if you have any questions about the above-requested items.

Respectfully submitted,

_____
Felipe Garcia
Counsel for Anibal Mejia Guzman
Assistant Federal Defender
Federal Defenders of New York, Inc.
770 Federal Plaza | Central Islip, NY 11722
Phone: (631) 712-6500 Fax: (631) 712-6505
Email: felipe_garcia@fd.org

cc:   Sarah Elardo, AUSA (ECF and email)
      Charles Rose, AUSA (ECF and email)
      Clerk of the Court