

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CNR:SAE
F. #2025R00257

*610 Federal Plaza*
*Central Islip, New York 11722*

August 6, 2025

<u>By E-mail</u>

The Honorable Joanna Seybert
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

       Re:    United States v. Anibal Edgardo Mejia Guzman
                <u>Criminal Docket No. 25-CR-174 (JS)</u>

Dear Judge Seybert:

        The government respectfully submits this letter in addition to the filing of the joint request to charge, which is attached hereto. On July 31, 2025, the parties appeared before Your Honor for a pretrial conference, wherein rulings on submitted motions <u>in limine</u> were provided to the parties in anticipation of trial. Trial is scheduled to commence on August 11, 2025.

        As directed by the Court in advance of trial, the parties conferred to file the joint requests to charge and other related documents. The defendant provided the requested charges to the government on August 5, 2025, via email.  In their requested charges, the defendant, on the last two pages of their proposed portion, included requests to charge the following: "Mistake/Self-Defense" and "Excessive Force – Self-Defense." (Joint Request to Charge 34-35).

        The defendant did not advise the government of the defendant's intention to raise such a defense, address this issue in the motion <u>in limine</u>, nor raise it before the Court at the conference on July 31, 2025. At the pretrial conference, Your Honor precluded the government from introducing any evidence surrounding the defendant's immigration status.  Only after the Court's ruling did the defendant put forth this defense. The government respectfully objects to the inclusion of these charges as they are contrary to Second Circuit law.  Furthermore, if the Court was to provide such instructions to the jury, the government submits that such a defense would clearly open the door to the admission of the defendant's immigration status and his prior DWI conviction.

I.     <u>Self Defense Jury Instructions are Contrary to Second Circuit Law</u>

        The Court should deny the request for a self-defense charge, as it is contrary to Second Circuit law.  Because self-defense is a matter of federal common law, federal courts look

to state law for guidance as to when a self-defense jury instruction is warranted. <u>United States v. Hidalgo</u>, 736 Fed. Appx. 255 (2018). "Under New York law, a defendant cannot argue self-defense to excuse resistance to law enforcement officers' lawful execution of authority." <u>Id</u>. at 257; <u>see</u> <u>People v. Stevenson</u>, 31 N.Y.2d 108, 112-13 (1972) (identifying no basis for self-defense charge where "conduct of the defendant, whether verbal or physical, clearly established the requisite intent… for resisting arrest" and nothing in record indicate[d] either an unprovoked police assault or … the use of excessive physical force justifying a charge as to self-defense"). Trial Court[s] may not charge jury with respect to an accused's proffered defense of justification if no reasonable view of the evidence establishes a basic element of the defense. <u>People v. Watts</u>, 57 N.Y.2d 299, 301 (1982). As the Court has already determined that the officers in this case were acting pursuant to a valid warrant, there is no basis for the inclusion of such a charge. The government respectfully requests the charge and the possible introduction of the evidence be denied, as the facts provide no foundation for a self-defense instruction.

II.    <u>If the Court instructs the Jury on Self Defense, The Government Should be able to Introduce Evidence Regarding the Defendant's Immigration Status and Prior DWI Conviction</u>

If the Court is, however, inclined to allow a self-defense charge contrary to Second Circuit law, the government respectfully requests the Court reverse, in part, certain prior motion <u>in limine</u> rulings. Specifically, the government would request the Court allow the government to introduce evidence of the (1) defendant's immigration status and (2) prior DWI conviction "[b]ecause a ruling on a motion <u>in limine</u> is subject to change as the case unfolds." <u>United States v. Perez</u>, No. 9-CR-1153 (MEA) 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011). During trial, the court may also exercise discretion "to alter a previous <u>in limine</u> ruling. <u>Luce v. United States</u>, 469 U.S. 38, 41-42 (1984).

Should the defendant be permitted to introduce evidence of self-defense, it immediately brings the defendant's subjective state of mind at the time of the encounter with the officers in play. If evidence of self-defense is introduced, the burden of proof will be upon the government to prove, beyond a reasonable doubt, that the defendant did not act in self-defense. Accordingly, the defendant's motive to resist the officers will be directly relevant and necessary for the government to introduce to meet their burden in disproving the defense.

Therefore, the defendant's immigration status and previous misdemeanor DWI conviction will be relevant to prove why he would have had reason to resist officers on April 11, 2025. Such evidence is essential for the government to prove that the defendant did not act in self-defense, but rather knowingly resisted officers during his encounter. The government intends to prove that, at the time he encountered the officers on April 11, 2025, he was aware of the lawful procedures that follows when law enforcement approaches the driver of a vehicle on a public road.

Because of his previous conviction, the defendant was aware of the standard investigatory procedures, such as a driver's requirement to provide a valid form of identification to officers when he was approached on April 11, 2025. Therefore, the defendant was certainly aware the potential consequences that follow a car stop and interaction with law enforcement, especially Immigration and Customs Enforcement officers. The defendant knew if he provided identification to an ICE officer, there was a risk he could be identified, possibly arrested, and

2

potentially deported again. Because of his criminal history he had a motive to resist officers. Therefore, his prior DWI conviction and unlawful immigration status are extremely relevant to his state of mind. Accordingly, if the Court is inclined to grant the charge, the government respectfully requests the Court revisit their previous motion in liminie rulings and allow the introduction of evidence of the defendant's immigration status and prior conviction.

III.    Conclusion

For the foregoing reasons, the government respectfully requests the Court deny the defendant's request for a self defense charge and any introduction of evidence related to a self defense claim. In the alternative, should the Court provide such an instruction, the government should be allowed to introduce evidence to rebut such a defense.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    _____/s/_____

Sarah A. Elardo
Assistant U.S. Attorney
(718) 254-6263

CNR:SAE
F. #2025R00257

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA,

       25 CR 174 (JS)

   - against -

ANIBAL EDGARDO MEJIA-GUZMAN,

      Defendant.

– – – – – – – – – – – – – – – – –X

<u>JOINT REQUESTS TO CHARGE</u>

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

Sarah Elardo
Special Assistant U.S. Attorneys (Of Counsel)

## THE JOINT REQUEST TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the prosecution and defense respectfully request that the Court provide the following in its instructions to the jury:

Now that the evidence in this case has been presented, and the attorneys for the government and the defendants have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case. My instructions will be in three parts.

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case.

Second, I will instruct you as to the legal elements of the crimes charged in the indictment; that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt.[1]

And third, I will give you some general instructions and rules regarding your deliberations.

---

[1] The government objects to the second sentence of this paragraph. It is overly biased towards the defendant. Providing an overview of what will be instructed as to the legal elements of the crimes charged in the indictment is sufficient explanation for the jury.

# PART I
## GENERAL INSTRUCTIONS

1.     The Duties of the Jury[2]

To begin with – it is your duty to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is, therefore, for you, and you alone, to pass upon the weight of the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

If you have any questions concerning the facts, it is your recollection of the evidence that controls.

After finding the facts, you must apply the law in accordance with my instructions. While the lawyers may have commented on some of these legal rules, you must be guided only by what I instruct you about them.  You must follow <u>all</u> the rules as I explain them to you.  You may not follow some and ignore others.

2.     Role of the Court[3]

---

[2]     Adapted from this Court's jury instructions in <u>United States v. Eric Smith</u>, 14-CR-264 (S-7) (JS); Honorable Joan M. Azrack's jury instructions in <u>United States v. Andrew Frey</u>, 19-CR-537 (S-2) (JMA) and <u>United States v. Howard Davis</u>, 17-CR-615 (S-3) (JMA); Honorable Joseph F. Bianco's jury instructions in <u>United States v. Heriberto Martinez and Carlos Ortega</u>, 10-CR-074/12-CR-293 (JFB); and <u>United States v. Raphael Osborne</u>, 14-CR-264 (S-5) (JS); and Sand <u>et al</u>., <u>Modern Federal Jury Instructions – Criminal</u>, ("Sand") Instruction No. 2-3.

[3]     Adapted from the Honorable Gary R. Brown's jury instructions in <u>United States v. Roya Jafari-Hassad</u>, 22-CR-545 (GRB).

It is my duty to instruct you on the law. You must accept my instructions and apply them to the facts as you determine them.

It would violate your sworn duty to base a verdict on any other view of the law than the one I will give to you. This means you must follow my instructions regardless of any opinion that you may have as to what the law might or should be, and regardless of whether any attorney has stated a legal principle differently from how I might state it now.

You must also consider these instructions as a whole during your deliberations and may not single out any instruction as alone stating the law.

### 2.1    Defense Proposed Charge on Role of the Court

My job is to instruct you on the law. You must apply the law in accordance with my instructions to the facts you find them. If any of the lawyers stated a legal principle that differs from what I tell you now, you must be guided solely by my instructions on the law.

You must follow all the rules as I explain them to you. You may not follow some and ignore others. Even if you disagree or you don't understand the reason for some of the rules, you are bound to follow them.

Because it is your job, not mine, to find the facts, I neither express nor attempt to imply any opinion about how you should decide the facts of the case. You should not interpret anything I've said or done as expressing an opining about the facts.[4]

---

[4]    Adapted from this Court's instructions in United States v. Patrice Runner, 18-CR-578 (JS).

3.     Parties are Equal before the Court[5]

The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than the defendant is entitled to.  By the same token, the government is entitled to no less consideration.  The parties – the United States Government and the defendant – are equal before this Court, and they are entitled to equal consideration.  Neither the government nor the defendant is entitled to any sympathy or favor.

4.     Presumption of Innocence and Burden of Proof[6]

You must remember that the indictment in this case is only an accusation.  It is not evidence.  The defendant has pled not guilty to the charge in the indictment.

As a result of the defendant's plea of not guilty, the burden is on the prosecution to prove his guilt beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against him.  I therefore instruct you that a defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven the defendant guilty beyond a reasonable doubt.

---

[5]     Adapted from this Court's jury instructions in Smith and Osborne; Judge Azrack's jury instructions in Frey and Davis; Judge Bianco's jury instructions in Martinez et al.; and Sand, Instruction No. 2-5.

[6]     Adapted from this Court's jury instructions in Smith and Osborne; Judge Azrack's jury instructions in Frey and Davis; Judge Bianco's jury instructions in Martinez et al.; and Sand, Instruction No. 4-1.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with the defendant even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

5.    Proof Beyond a Reasonable Doubt[7]

I have said that the government must prove a defendant guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict the defendant. This burden never shifts

---

[7]    Adapted from this Court's jury instructions in <u>Smith</u> and <u>Osborne</u>; Judge Brown's jury instructions in <u>Jafari-Hassad</u>; Judge Azrack's jury instructions in <u>Frey</u> and <u>Davis</u>; Judge Bianco's jury instructions in <u>Martinez et al.</u>; and Sand, Instruction No. 4-2.

to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt, it is your duty to acquit the defendant by finding him not guilty.  On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should convict by finding him guilty.

6.    The Evidence[8]

a.    What is evidence:

I wish to instruct you now as to what evidence is and how you should consider it.  The evidence upon which you are to decide what the facts are, comes in several forms:

(1)    Sworn testimony of witnesses, both on direct and cross-examination;

(2)    Exhibits that have been received in evidence by the Court; and

(3)    Facts or testimony to which the lawyers have agreed or stipulated.

b.    What is not evidence:

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

(1)    The contents of the indictment are not evidence;

(2)    Arguments or statements by lawyers are not evidence;

(3)    Questions put to the witnesses are not evidence;

---

[8]    Adapted from this Court's jury instructions in <u>Smith</u> and <u>Osborne</u>; Judge Azrack's jury instructions in <u>Frey</u> and <u>Davis</u>; Judge Bianco's jury instructions in <u>Martinez et al.</u>; and Sand, Instruction Nos. 4-3, 5-2 and 5-4.

Page **7** of **37**

(4)    Objections made by the attorneys to the questions or to exhibits are not

evidence;

(5)    Testimony that has been excluded, stricken, or that you have been instructed to

disregard;[9]

(6)    Unanswered questions, exhibits marked for identification but not admitted into

evidence, and materials produced only to refresh a witness's recollection;[10]

(7)    What I say in these instructions is not evidence;

(8)    If certain testimony was received for a limited purpose, you must consider that

evidence for that limited purpose only;[11] and

(9)    Obviously, anything you may have seen or heard outside the courtroom is

not evidence.

Your verdict must be based solely upon the evidence developed at trial or the lack of

evidence.[12]

It would be improper for you to consider, in reaching your decision as to whether the

government sustained its burden of proof, any personal feelings you may have about the defendant's

race, religion, national origin, ethnic background, sex or age.    All persons are entitled to the

---

[9]    Adapted from this Court's instructions in United States v. Patrice Runner, 18-CR-578
(JS).

[10]    Adapted from this Court's instructions in United States v. Patrice Runner, 18-CR-578
(JS).

[11]    Adapted from this Court's instructions in United States v. Patrice Runner, 18-CR-578
(JS).

[12]    Adapted from this Court's instructions in United States v. Patrice Runner, 18-CR-578
(JS).

presumption of innocence and the government has the same burden of proof regardless of who the defendant is.

In addition, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based solely upon the evidence developed at trial or the lack of evidence.[13]

c.    Direct and Circumstantial Evidence

I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits and stipulations.  There are, in addition, different kinds of evidence—direct and circumstantial.

(1)    Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses.  So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it is giving evidence which is direct.  What remains is your responsibility to pass upon the credibility of that witness.

(2)    Circumstantial evidence is evidence which tends to prove a fact in issue by proof of other facts from which the fact in issue may be inferred.

The word "infer" – or the expression "to draw an inference" – means to find that a fact exists from proof of another fact.  For example, if a fact in issue is whether it is raining at the moment, neither of us can testify directly to that fact sitting as we are in this windowless courtroom.  Assume,

---

[13]    Adapted from this Court's instructions in <u>United States v. Patrice Runner</u>, 18-CR-578 (JS).

however, that as we are sitting here, a person walks into the courtroom wearing a raincoat that is soaking wet and carrying an umbrella dripping water. We may infer that it is raining outside. In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella. An inference is to be drawn only if it is logical and reasonable to do so. In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide. Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

The law makes no distinction between direct and circumstantial evidence. You may consider both. What the law does require is that before any defendant is convicted of a crime, a jury must be satisfied of that defendant's guilt beyond a reasonable doubt based on the jury's assessment of all of the evidence in the case.

I remind you, once again, that you may not convict the defendant unless you are satisfied of his guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence. Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more. You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

d.    Number of Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. I remind you again that because the government bears the burden of proof the defendant

Page **10** of **37**

need not call any witnesses at all. You do not have to accept the testimony of any witness who has not been contradicted or impeached, you may reject that witness's testimony in its entirety if you choose. It is your job as jurors to decide which witnesses to believe and which facts are proven to be true. To do this you must look at all the evidence, drawing upon your common sense and personal experience. You should consider which witnesses and evidence appeal to your minds as being accurate and trustworthy.

You must determine whether, based on the evidence, the government has established the defendant's guilt beyond a reasonable doubt. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence. It's the quality of the evidence and not the quantity of the evidence that matters.[14]

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

6.      Rulings by the Court[15]

My next instruction relates to the rulings and statements that I made during the course of this trial. I hereby instruct you that nothing that I said during the course of the trial, no question that I have asked, no ruling that I have made, and no statement that I may make in this charge, should

---

[14] The government objects to the last sentence of this paragraph. It is misleading and factually inconsistent to categorize evidence and create a standard for the "quality" of the evidence vs. the "quantity."

[15]      Adapted from this Court's jury instructions in Smith and Osborne; Judge Azrack's jury instructions in Frey and Davis; Judge Bianco's jury instructions in Martinez et al.;

be interpreted in any way whatsoever as a suggestion of what decision I believe you should make. You should understand that I have no opinion as to the decision you should make in this case.

You will remember that at various times throughout the trial, I have been called upon to make rulings on various questions of law. I have sustained objections, and I have overruled objections. Please do not concern yourself with my reasons for making the rulings that I have made. These are purely legal matters and must not affect your deliberation on the factual matters in this case.

Nor are you to draw any inferences for or against a party because that party raised objections during trial. It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not hold it against an attorney—or the defendant—either because the attorney has made objections, or because some of those objections may have been overruled by me.

When the Court has sustained an objection to a piece of evidence or a question addressed to a witness, you must disregard it entirely and may draw no inference from it or speculate as to what the witness would have said if he or she had been permitted to answer the question.

My reasons for these rulings relate to a matter of law which is no concern of yours and not for your consideration. The reasons for my rulings should not be discussed among you, nor should you speculate or guess about the basis for my ruling. By the same token, where I allowed testimony or exhibits to be received into evidence over the objection of counsel, this was not an indication that I have any opinion as to the weight or effect of such evidence. That is for you to decide.

In reaching your verdict, you also are not to concern yourself in any way with the conferences which sometimes took place between the Court and counsel for the parties, nor are you to draw any inferences for or against any party because that party may have requested such a conference.

Page **12** of **37**

You must also not draw any conclusion whatsoever from the fact that from time to time I may have asked questions of witnesses. This was solely to elicit facts which may or may not be material to your determination.

Remember that, in making your determination as to the facts, you should rely upon your own recollection of the evidence. What I said from time to time during the course of the trial, or what I say in the charge that I am now giving you, should not be taken in place of your own recollection of the evidence in this case.

7.      Witness Credibility – General Instruction[16]

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. You may believe all of what a witness said, or only a part of it, or none of it.

You will have to make judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, their memories, motivations, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

If you find that any statement made by a witness on the stand was false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the witness's entire testimony as not worthy of belief.

---

[16]      Adapted from this Court's jury instructions in Smith and Osborne; Judge Azrack's jury instructions in Frey and Davis; Judge Bianco's jury instructions in Martinez et al.; and Sand, Instruction No. 7-1.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his or her testimony or did he or she contradict himself or herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to? In evaluating the credibility of a witness, you should take into account any evidence that the witness may benefit in some way from the outcome of this case.

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about, and you should also consider the witness's ability to express himself or herself. Ask yourselves whether the witness's recollection of the facts stand up in light of all other evidence. In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. You may consider what

effect, if any, a witness's drug use or abuse may have had on that witness's ability to perceive, remember or relate the events in question.

In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

### 7.1    Witness Credibility – General Instruction [17]

In deciding what the facts are in this case, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility and may choose to disbelieve all or part of the witnesses' testimony. In making this determination, you may take into account any number of factors including the following:

(1)    a witness's opportunity to see, hear, and know about the events that he or she described;

(2)    a witness's ability to recall and describe these events;

(3)    a witness's manner in testifying;

(4)    the reasonableness of a witness's testimony in light of all the other evidence in the case;

(5)    whether a witness had any bias or prejudice concerning any party, person, or matter involved in the case; and

(6)    whether a witness is an interested witness.

---

[17]    Adapted from this Court's instructions in United States v. Patrice Runner, 18-CR-578 (JS).

A witness is an interested witness if he or she has an interest in the outcome of the case. In evaluating credibility of the Government's witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates, at least potentially, a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have had an interest in the outcome of this case, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. This is not to suggest that every witness who has an interest in the outcome of the case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.[18]

Finally, you may also consider whether a witness's testimony was contradicted, first, by his or her own testimony during the trial; second, by what the witness said or did on a prior occasion; third, by the testimony of other witnesses; or fourth, by some other evidence on record.

In addition, when assessing a witness's credibility or believability, you may also consider what the witness may have indicated in a prior written or oral statement. However, in deciding whether to believe a witness, you should bear in mind that people sometimes forget things or become nervous while testifying. An inconsistency or contradiction may be due to an innocent mistake or an intentional falsehood. Consider, then, whether it has to do with an important fact or a small detail.

---

[18] The government objects to the charge related to interested witnesses. There are no interested witnesses in the government's case. Officer Dickerson and Special Agent Abbensetts are testifying in their official capacity as law enforcement officers. See United States v. Ouimette, 798 F.2d 47, 49 (2d. Cir. 1986) (upholding a trial court's denial of interested witness charge for police officer witnesses and reaffirming "the general rule that is inappropriate to charge that police officers testifying at trial are specially interested in the outcome of the case.")

Also, bear in mind that two people witnessing a single event may observe it differently and remember it differently.

If you find that any witness, including a party, has willfully testified falsely as to any material fact, in whole or in part, you may disregard not only that particular statement, but you may also, if you find it appropriate, disregard all of his or her testimony as not being worthy of belief.

8.    Credibility – Bias, Prejudice, Hostility[19]

In connection with your evaluation of the credibility of witnesses, you should specifically consider evidence of resentment or anger which some Government witnesses may have toward the defendant.[20]

Evidence that the witness is biased, prejudiced, or hostile towards the defendant requires you to view the witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

8.    Credibility – Prior Inconsistent Statements *(If Applicable)*[21]

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt or innocence. Evidence of the prior inconsistent statement was placed before you for the limited purpose

---

[19]    Adapted from this Court's instructions in United States v. Patrice Runner, 18-CR-578 (JS).

[20] The government objects to this question. That inserts an element that the jurors need to consider and is improper. They are not to be instructed to evaluate the intent of the officers.

[21]    Adapted from Judge Azrack's jury instructions in Frey, Davis and United States v. Edward Mangano et al., 16-CR-540 (S-2) (JMA); Judge Bianco's jury instructions in Martinez et al.; and Sand, Instruction No. 7-19.

of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with this trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### 8.1    Defense Proposed Charge on Prior Inconsistent Statements (if applicable)[22]

You heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, you believe.

---

[22]    Adapted from this Court's instructions in United States v. Patrice Runner, 18-CR-578 (JS).

You may also consider a witness's failure to mention a critical fact when the witness was first interviewed. The omission of a material fact from an earlier statement may be relevant to your evaluation of the witness's credibility.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

9.    <u>Preparation of Witnesses</u>[23]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subject he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. The attorneys were obligated to prepare this case as thoroughly as possible, and one way to accomplish

---

[23]    Adapted from this Court's jury instructions in <u>Smith</u> and <u>Osborne;</u> Judge Brown's jury instructions in <u>Jafari-Hassad;</u> Judge Azrack's jury instructions in <u>Frey</u> and <u>Davis;</u> Judge Bianco's jury instructions in <u>Martinez et al.</u>

that is to properly interview witnesses before the trial and as necessary throughout the course of the trial. Such consultation helps conserve our time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

But you may consider the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

10.    Law Enforcement Witnesses[24]

You have heard testimony of witnesses who work for the government and its agencies. The fact that a witness may be employed by the government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. At the same time, it is legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by personal or professional interest in the outcome of the case.[25][26]

It is your decision, after reviewing all the evidence, whether to accept the testimony of the government or law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

---

[24]    Adapted from Judge Brown's instructions in Jafari-Hassad; Judge Azrack's jury instructions in Frey, Davis and Mangano; Judge Bianco's jury instructions in Martinez et al; Sand, Instruction No. 7-16.

[25]    Adapted from this Court's instructions in United States v. Patrice Runner, 18-CR-578 (JS).

[26] The government respectfully objects to the last question of this paragraph. The officers in this case have no professional or personal interest in the outcome of this case, and, therefore, it is improper to instruct the jury to evaluate otherwise.

11. <u>Particular Investigative Techniques Not Required</u> *(If Applicable)*[27]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques or methods of evidence collection were not used by the government. There is no legal requirement, however, that the government prove its case through any particular means. While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why it used the techniques it did or why it did not use other techniques. The government is not on trial. Law enforcement techniques are not your concern. However, to the extent that you find that law enforcement techniques fall below the level of professional care that one would expect, you may consider that in evaluating the witnesses and evidence in this case.[28]

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

12. <u>Defendant's Right Not to Testify</u> *(If Applicable)*[29]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the government throughout

---

[27]     Adapted from this Court's jury instructions in <u>Smith</u> and <u>Osborne</u>; Judge Bianco's jury instructions in <u>Martinez et al</u>; and Sand, Instruction No. 4-4.

[28] The government respectfully objects to the last sentence of this paragraph. The jurors are not to evaluate the level of care of the officers on April 11, 2025. They are there to evaluate whether the defendant assaulted a federal officer. To allow this sentence would mislead the jury and provide additional, incorrect instructions for elements that they need not evaluate.

[29]     Adapted from this Court's jury instructions in <u>Smith</u> and <u>Osborne</u>; Judge Azrack's jury instructions in <u>Frey</u> and <u>Davis</u>; Judge Bianco's jury instructions in <u>Martinez et al</u>; and Sand, Instruction No. 5-21.

the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations.

13.    Dates Approximate[30]

In alleging dates, the indictment frequently charges "on or about," and "between" certain dates. The proof need not establish with certainty the exact date of an alleged offense. The law only requires the evidence establish beyond a reasonable doubt that the dates alleged in the indictment and the date established by the testimony or exhibits are substantially similar.

16.    All Available Evidence Need Not Be Produced[31]

The law does not require the government to call as witnesses all persons involved in the case who may have been present at any time or place, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the government to produce, as exhibits, all matters and things mentioned during the course of the trial. However, as I've previously instructed you, it is proper to consider the lack of evidence in determining whether the government has met its burden of proof.

---

[30]    Adapted from this Court's jury instructions in <u>Smith</u> and <u>Osborne</u>; Judge Azrack's jury instructions in <u>Frey</u> and <u>Davis</u>; Judge Bianco's jury instructions in <u>Martinez et al</u>; and Sand, Instruction No. 3-12.

[31]    Adapted from this Court's jury instructions in <u>Smith</u> and <u>Osborne</u>; and Judge Azrack's jury instructions in <u>Davis</u>.

17.    <u>Uncalled Witnesses – Equally Available or Unavailable</u> (*If Applicable*)[32]

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.  You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  You should remember that the government maintains the burden of proving its case beyond a reasonable doubt at all times.[33]

18.    <u>Stipulations</u>[34]

The attorneys for the United States and the attorneys for the defendant have entered into stipulations concerning certain facts and testimony that are relevant to this case.  A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true. However, it is for you to determine that effect to be given that testimony. [35][36]

---

[32]    <u>See</u> Judge Azrack's jury instructions in <u>Davis</u>.

[33]    Adapted from this Court's instructions in <u>United States v. Patrice Runner</u>, 18-CR-578 (JS).

[34]    Adapted from this Court's jury instructions in <u>Smith</u> and <u>Osborne</u>; Judge Azrack's jury instructions in <u>Frey</u> and <u>Davis</u>; Judge Bianco's jury instructions in <u>Martinez et al</u>; and Sand, Instruction No. 5-6.

[35]    Adapted from this Court's instructions in <u>United States v. Patrice Runner</u>, 18-CR-578 (JS).

[36] The government objects to the last sentence of this paragraph. It is confusing.

Page **23** of 37

Page **24** of **37**

## PART II
## LEGAL ELEMENTS OF THE CRIME CHARGED

The government proposes the following language: I will now proceed to discuss the offense formally charged against the defendant in the indictment. The indictment before you charges the defendant, Anibal Edgardo Mejia Guzman, with assault on a federal officer. I will give you a copy of the indictment to refer to during your deliberations, but the indictment is not evidence; rather, it is simply the instrument by which the charges are brought. It is an accusation. It may not be considered by you as evidence of the guilt of the defendant. I am permitting you to have the indictment solely as a reference during your deliberations. The indictment reads as follows:

> On or about April 11, 2025, within the Eastern District of New York and elsewhere, the defendant ANIBAL EDGARDO MEJIA GUZMAN, did knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate and interfere with one or more officers and employees of the United States, to wit: one United States immigration and Customs Enforcement, Enforcement and Removal Operations Deportation Officers Deportation Officer John Dickerson and one Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, Special Agent Joshua Abbensetts, individuals whose identities are known to the Grand Jury, while such officers and employees were engaged in, and on account of, the performance of official duties, and such act involved physical contact with Deportation Officer John Dickerson and Special Agent Joshua Abbensetts and inflicted bodily injury to Deportation Officer John Dickerson.[37]

The indictment alleges that the defendant violated Title 18, United States Code, Section 111(a)(1) and 111(b). That statute is titled Assaulting, resisting, or impeding certain officers or employees. It provides, in relevant part:

---

[37] Although the defense inserted the names of the individuals, the government objects as the indictment does not read with the names inserted. As the names are not in the trial indictment, the government would object to the insertion of the names in an abundance of caution of confusing the jury.

> Whoever, forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties …. [is guilty of a crime].

The defense proposes the following language: I will now proceed to discuss the offense formally charged against the defendant in the indictment. The indictment before you charges the defendant, Anibal Edgardo Mejia Guzman, with assault on a federal officer resulting in bodily injury. I will give you a copy of the indictment to refer to during your deliberations, but the indictment is not evidence; rather, it is simply the instrument by which the charges are brought. It is an accusation. It may not be considered by you as evidence of the guilt of the defendant. I am permitting you to have the indictment solely as a reference during your deliberations.

The indictment alleges that the defendant violated Title 18, United States Code, Section 111(a)(1) and 111(b). That statute is titled assaulting, resisting, or impeding certain officers or employees.

Page **26** of **37**

## ELEMENTS OF ASSAULT ON A FEDERAL OFFICER[38]

I will now explain the elements of the crime of assault of federal officers, which are as follows: To establish that the defendant is guilty of assault on a federal officer, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about the date specified in the indictment, Deportation Officer John Dickerson was a federal officer, as I will define that term for you;

Second, that at that time, the defendant forcibly assaulted or resisted or opposed or impeded or intimidated or interfered with Deportation Officer John Dickerson and this forcible action involved actual physical contact with the officer;

Third, that, at the time, Deportation Officer John Dickerson was engaged in the performance of his official duties;

Fourth, that the defendant acted willfully; and

Fifth, that the defendant's actions resulted in bodily injury to Deportation Officer John Dickerson.

The First Element: Deportation Officer John Dickerson Was a Federal Officer

The first element that the government must prove beyond a reasonable doubt is that on or about the date specified in the indictment, the Deportation Officer John Dickerson was a Federal Officer

I instruct you that a federal officer includes any or employee of the United States or of any agency in any branch of the United States Government while such officer or employee is engaged in or on account of the performance of official duties. However, it is for you to determine if

---

[38] The elements are drawn from Sand, Instruction No. 14.01.

Page **27** of 37

Deportation Officer John Dickerson, held these titles at the time in question. A federal officer also includes a state law enforcement officer acting in cooperation with and under the control of federal officers in a matter involving the enforcement of federal laws.

The government does not have to prove that the defendant knew the identity of Deportation Officer John Dickerson or that the defendant knew Deportation Officer John Dickerson was a federal officer. The crime of assault on a federal officer is designed to protect federal officers acting in pursuit of their official functions, and therefore, it is sufficient to satisfy this element for the government to prove that Deportation Officer John Dickerson was a federal officer at the time of the assault. Whether the defendant knew that Deportation Officer John Dickerson was a federal officer at the time is irrelevant to such a determination and should not be considered by you.

The Second Element: Forcible Conduct

The second element the government must prove beyond a reasonable doubt is that the defendant forcibly assaulted or resisted or opposed or impeded or intimidated or interfered with Deportation Officer John Dickerson, and this forcible action involved actual physical contact with the officer.

Although the indictment alleges that the defendant "forcibly assaulted or resisted or opposed or impeded or intimidated or interfered with" Deportation Officer John Dickerson, I instruct you that it is not necessary for the government to prove that the defendant did all of those things, that is, assaulted, resisted, opposed, and so forth. It is sufficient if the government proves beyond a reasonable doubt that the defendant did any one of these several alternative acts as charged.

All of the acts—assault, resist, oppose, impede, intimidate and interfere with—are modified by the word "forcibly." Thus, before you can find the defendant guilty you must find, beyond

Page **28** of **37**

a reasonable doubt, that he acted forcibly. Forcibly means by use of force. Physical force is obviously sufficient. You may also find that a person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person has acted forcibly. In such a case, the threat must be a present one. A threat to use force at some unspecified time in the future does not satisfy this element. In order to satisfy this element, the forcible action must involve actual physical contact with Deportation Officer John Dickerson.

An "assault" is an unlawful attempt or offer with force and violence to do injury to the person of another, with such apparent present possibility of carrying out such an attempt as to put the person against whom the attempt was made in fear of personal violence.

The word "resist" means opposing by physical power, striving against, exerting one's self to counteract, defeat, or frustrate.

The word "oppose" means to resist by physical means; "impede" means stopping progress, obstructing, or hindering; "intimidate" means to make timid or fearful, to inspire or affect with fear, to frighten, to deter or overawe; "interfere with" means to come into collision with, to intermeddle, to hinder, to interpose, to intervene.

Third Element: Engaged in the Performance of Official Duties

The third element the government must prove beyond a reasonable doubt is that at the time of the alleged assault, Deportation Officer John Dickerson was engaged in the performance of his official duties.

You may find Deportation Officer John Dickerson was so engaged if you find that, at the time of the alleged assault, he was acting within the scope of what he was employed to do. On the other hand, if you find that Deportation Officer John Dickerson was involved in a personal venture of

Page **29** of **37**

his own, you must find that he was not engaged in the performance of his official duties, and you must acquit the defendant of the crime charged.

<u>Fourth Element: The Defendant Acted Willfully</u>

The fourth element that the government must prove beyond a reasonable doubt is that the defendant committed the act or acts charged in the indictment willfully. In other words, you must be persuaded that the defendant acted voluntarily and intentionally, and not by mistake or accident.

<u>Fifth Element: The Victim Suffered Bodily Injury</u>

The last element the government must prove beyond a reasonable doubt is that the assault directly caused a bodily injury <span style="color:red">to Deportation Officer John Dickerson</span>. "Bodily injury" means any injury, no matter how temporary. Bodily injury includes physical pain as well as any burn, cut, abrasion, bruise, disfigurement, illness, or impairment of a bodily function.

<u>Acting "Knowingly" and "Intentionally"</u>

You will be required to determine whether the defendant acted knowingly and intentionally. A person acts knowingly if he acts voluntarily and with an awareness of what he is doing, not because of ignorance, mistake, or accident. A person acts intentionally when he acts deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious, objective decision, rather than the product of mistake or accident.

A person acts willfully if he acts intentionally and with the specific intent to do something that the law forbids. A defendant need not be aware of the specific law or rule that his conduct may have violated. But he must act with the intent to do whatever it is the law proscribes. The government is not required to prove that the defendant knew he was breaking a particular law.

Page **30** of **37**

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances before you, however, may permit you to make a determination as to the defendant's state of mind. You should apply your common sense and draw such reasonable inferences as may be warranted by the evidence you have heard. This kind of circumstantial evidence, if believed, is of no less value than direct evidence. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his words and actions in given circumstances. You are asked to do the same here.

Venue[39]

Finally, in considering sole charge in the Indictment, in addition to the elements I have described for you, you must decide whether any act in furtherance of the crime charged occurred within the Eastern District of New York.

The Eastern District of New York includes Brooklyn, Queens, Nassau County, Suffolk County, and Staten Island.

In this regard, the government does not need to prove that the crime itself was committed in this district or that the defendant himself was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.

I should note that on this issue—and this issue alone—the government does not need to prove this issue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the government has satisfied its burden of proof if you conclude that it is more likely than not that the criminal act at issue occurred in this District.

---

[39]   See Judge Bulsara's jury instructions in Frey.

Page **31** of **37**

If you find that the government has failed to prove this venue requirement for the count you are considering, then you must find the defendant not guilty of that charge.

## PART III (Defendant)

## GENERAL REQUESTS

The defendant requests that the Court charge the jury in its usual manner on the following subjects:

Physical Contact - Lesser Included Offense:[40]

If, after careful consideration of all of the evidence, you have reasonable doubt whether the defendant's forcible conduct resulted in actual bodily injury to Deportation Officer John Dickerson, then you must find the defendant not guilty of assault resulting in bodily injury. You may then consider whether the defendant is guilty of the lesser included offense of assault without bodily injury. Assault without bodily injury differs from assault resulting in bodily injury in that the government must still prove that the defendant acted forcibly, but need not prove that the defendant's forcible conduct resulted in bodily injury to Deportation Officer John Dickerson. However, the government must prove all of the other elements of assault I have described to you.

Simple Assault - Lesser Included Offense:[41]

If, after careful consideration of all of the evidence, you have reasonable doubt whether the defendant made forcible physical contact with an officer, then you must find the defendant not guilty of assault without bodily injury. You may then consider whether the defendant is guilty of the lesser included offense of simple assault. Simple assault differs from assault without bodily injury in that the government must still prove that the defendant acted forcibly, but need not

---

[40]    *See* Sand, Instruction No. 14-9.1
[41]    *See* Sand, Instruction No. 14-9.1

Page **33** of 37

prove that the defendant's forcible conduct resulted in physical contact with an officer. However, the government must prove all of the other elements of assault I have described to you.

In order to convict the defendant, you must be unanimous as to which officer the defendant's actions were with respect to.

Mistake/Self-Defense[42]

The Defendant has offered evidence that he acted in self-defense. The burden of proof is upon the government to prove beyond a reasonable doubt that the defendant did not act in self-defense.

If the defendant knew of the official identity and purpose of the victim, then the defendant has no valid claim of self-defense. If the person is aware of the official identity and purpose of the arresting officer, he or she cannot raise this defense even when an arrest is unlawful.

However, if you find that the defendant had no knowledge or the official identity or purpose of the officers, and he reasonably believed he was the subject of a hostile and imminent attack against is person by the officers, then he was entitled to use reasonable force to defend himself.

The law permits, however, the use of no more force than is reasonably necessary to repel the attack. The use of excessive force is not justifiable. What is reasonable and what is excessive under the circumstances are for you to decide.[43]

---

[42]    *See* Sand, Instruction No. 14-11, Comment (citing United States v. Freola, 420 U.S. 671 (1975)).

[43] The government objects to the Mistake/Self Defense charge in its entirety. Pursuant to United States v. Hidalgo, a defendant cannot argue self-defense to excuse resistance to law enforcement officers' lawful execution of authority. 736 Fed.Appx., 255 (2018). The government has attached a courtesy copy of the case for the Court as Exhibit A of this filing. The intent to raise this defense should have raised this issue prior to the Court's Motions in Limine rulings.

Page **34** of **37**

Excessive Force - Self-Defense: [44]

The Defendant has offered evidence that he acted in self-defense. The burden of proof is upon the government to prove beyond a reasonable doubt that the defendant did not act in self-defense.

This defense is available only when the defendant was under an unlawful present or imminent threat of serious bodily injury or death. A present or imminent threat of serious bodily injury or death must be based on a reasonable fear that a real and specific threat existed at the time of the defendant's assault, resistance, opposition, or impeding. If the defendant unlawfully assaulted, resisted, or impeded Deportation Officer John Dickerson and Special Agent Joshua Abbensetts when no reasonable fear of a present or imminent threat of serious bodily injury or death actually existed, his defense of self-defense must fail.[45]

---

[44] *See* Sand, Instruction No. 14-11, Comment (citing charge of Judge Keeley in United States v. Gore, 592 F.3d 489 (4th Cir. 2010)).

[45] The government objects to the Mistake/Self Defense charge in its entirety. Pursuant to United States v. Hidalgo, a defendant cannot argue self-defense to excuse resistance to law enforcement officers' lawful execution of authority. 736 Fed.Appx., 255 (2018). The government has attached a curtesy copy of the case for the Court as Exhibit A of this filing. The intent to raise this defense should have raised this issue prior to the Court's Motions in Limine rulings.

Page **35** of 37

The Government and Defense reserve the right to raise any other issues or jury instructions at the charging conference after both parties have rested.

Dated:        Central Islip, New York
              August 6, 2025

                              Respectfully submitted,

        JOSEPH NOCELLA, JR.
        United States Attorney

By:        _____/s/_____              _____/s/_____
        Sarah A. Elardo                     Felipe Garcia
        Special Assistant U.S. Attorney     Assistant Federal Defender
        (718) 254-6263                      (631) 712-6513

cc:        Clerk of the Court (JS) (by e-mail and ECF)