# EXHIBIT A

Page **37** of **37**

736 Fed.Appx. 255
This case was not selected for publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

UNITED STATES of America, Appellee,
v.
Jordan HIDALGO, Defendant-Appellant.

No. 16-3682-cr
|
May 30, 2018.

**Synopsis**
**Background:** Defendant was convicted in the United States District Court for the Western District of New York, Richard J. Arcara, J., for assaulting a federal officer, making physical contact with the victim, and inflicting bodily injury. He appealed.

**Holdings:** The Court of Appeals held that:

[1] evidence did not warrant jury instruction on self-defense, and

[2] indictment's omission of "physical contact with the victim" element of felony assault did not amount to plain error.

Affirmed.

**Procedural Posture(s):** Appellate Review.

West Headnotes (8)

**[1]    Criminal Law**—Matters of defense in general

A defendant is entitled to have the jury instructed on any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible that evidence may be.

**[2]    Federal Courts**—Federal common law

Because self-defense is a matter of federal common law, federal courts look to state law for guidance as to when a self-defense jury instruction is warranted.

1 Case that cites this headnote

**[3]    Obstructing Justice**—Defenses

Under New York law, a defendant cannot argue self-defense to excuse resistance to law enforcement officers' lawful execution of authority. N.Y. Penal Law § 35.15(1).

**[4]    Assault and Battery**—Defenses and mitigating circumstances

Under New York law, jury instruction on self-defense was not warranted at trial for assaulting a federal officer, where evidence showed that defendant was initial aggressor and resisted law enforcement officers' lawful execution of authority, when he punched deputy united states marshal who had entered his cell for lawful purpose of transporting him to another facility. N.Y. Penal Law §§

United States v. Hidalgo, 736 Fed.Appx. 255 (2018)

35.15(1), 35.15(1)(b).

111(b).

**[5]    Criminal Law** Requisites and sufficiency of accusation
**Criminal Law** Review De Novo

The Court of Appeals generally reviews challenges to the sufficiency of an indictment de novo, but when a defendant did not raise the issue in the district court, it reviews only for plain error.

**[6]    Assault and Battery** Offenses against public officers and employees

While the statute prohibiting assault on a federal officer distinguishes misdemeanor assault from felony assault by requiring proof of "physical contact with the victim" for the latter, the section of the statute providing for an enhanced penalty applies to either type of assault in specified aggravating circumstances. 18 U.S.C.A. §§ 111(a), 111(b).

**[7]    Criminal Law** Requisites and sufficiency of accusation

Indictment's omission of "physical contact with the victim" element of felony assault did not adversely affect either defendant's substantial rights or fairness, integrity, or public reputation of judicial proceedings, and, thus, did not amount to plain error, where defendant had been given fair notice that charged assault involved actual physical contact, jury had to find physical contact with victim proved beyond reasonable doubt to find defendant guilty of charged felony assault, and evidence of physical contact was overwhelming. 18 U.S.C.A. §§ 111(a),

**[8]    Criminal Law** Requisites and sufficiency of accusation

As long as a defendant has notice adequate to allow him to prepare a defense, omissions in the indictment do not affect substantial rights, so as to manifest plain error.

**\*256** Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 30, 2016, is AFFIRMED.

**Attorneys and Law Firms**

FOR APPELLANT: Steven Yurowitz, Newman & Greenberg LLP, New York, New York.

FOR APPELLEE: Tiffany H. Lee, Assistant United States Attorney, for James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, New York.
PRESENT: REENA RAGGI, GERARD E. LYNCH, Circuit Judges, LEWIS A. KAPLAN, District Judge.[*]

## SUMMARY ORDER

Defendant Jordan Hidalgo appeals from a conviction entered after a jury trial at which he was found guilty of assaulting a federal officer, making physical contact with the victim and inflicting bodily injury. *See* 18 U.S.C. § 111(a)(1), (b). Presently serving a 240-month prison

United States v. Hidalgo, 736 Fed.Appx. 255 (2018)

sentence, which runs concurrently with the 262-month sentence he is serving on an unrelated conviction for racketeering conspiracy, Hidalgo challenges his assault conviction on the grounds that (1) the district court's failure to charge self-defense denied him a fair trial, and (2) the indictment's failure to allege physical contact with the victim precluded application of the ⚑ § 111(b) sentencing enhancement. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Jury Charge
[1]A defendant is entitled to have the jury instructed on "any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible that evidence may be." ⚑ *United States v. Rowland*, 826 F.3d 100, 115 (2d Cir. 2016) (alteration and internal quotation marks omitted). The district court here determined that no evidentiary basis supported Hidalgo's request for a self-defense charge. There is some ambiguity in our precedent as to whether we review that determination *de novo* or for abuse of discretion. *Compare* 🔺 *United States v. Desinor*, 525 F.3d 193, 198 (2d Cir. 2008) **\*257** (holding that refusal to give self-defense instruction is reviewed *de novo*), *with* ⚑ *United States v. Hurtado*, 47 F.3d 577, 585 (2d Cir. 1995) (holding that, "[a]bsent an abuse of discretion, a district court's determination that there was no foundation for the charge must be upheld"), *and* ⚑ *United States v. Rowland*, 826 F.3d at 115 (stating that defendant bears burden of establishing adequate evidentiary basis for requested charge and district court's determination that burden not carried "is reviewed for abuse of discretion"). We need not resolve the ambiguity here because Hidalgo's challenge fails even on *de novo* review.

[2] [3]Because self-defense is "a matter of federal common law," federal courts look to state law for guidance as to when it is appropriately charged. 🔺 *United States v. Desinor*, 525 F.3d at 199. Under New York law, a defendant may argue self-defense where he "reasonably believes [physical force] to be necessary to defend himself ... from what he ... reasonably believes to be the use or imminent use of unlawful physical force" by another person. ⚑ N.Y. Penal Law § 35.15(1); *see* ⚑ *People v. Goetz*, 68 N.Y.2d 96, 114, 506 N.Y.S.2d 18, 29, 497 N.E.2d 41 (1986) (citing ⚑ § 35.15 in

recognizing that justification defense involves both subjective and objective elements whereby "determination of reasonableness must be based on the circumstances facing a defendant or his situation" (internal quotation marks omitted) ). As this language makes plain, a defendant cannot argue self-defense to excuse resistance to law enforcement officers' lawful execution of authority. *See People v. Stevenson*, 31 N.Y.2d 108, 112–13, 335 N.Y.S.2d 52, 56–57, 286 N.E.2d 445 (1972) (identifying no basis for self-defense charge where "conduct of the defendant, whether verbal or physical, clearly established the requisite intent ... for resisting arrest" and nothing in record "indicate[d] either an unprovoked police assault or ... the use of excessive physical force justifying a charge as to self-defense" (internal quotation marks omitted) ); N.Y. Penal Law § 35.27 ("A person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a police officer ... when it would reasonably appear that the latter is a police officer...."). Nor can a defendant argue self-defense if he was himself "the initial aggressor." ⚑ N.Y. Penal Law § 35.15(1)(b). Applying these principles here, we conclude, as the district court did, that the record evidence provides no foundation for a self-defense instruction.

[4]The charged assault occurred when two unarmed Deputy United States Marshals, tasked with transporting Hidalgo from one federal facility to another, attempted to enter defendant's prison cell for that lawful purpose. Rather than accede to the transportation, Hidalgo punched one of the deputies, James Bona, in the face, breaking his nose. Hidalgo urges that he was entitled to a self-defense instruction because he reasonably feared serious bodily injury from the way the officers "charged into his small cell while he was backed against the wall." Appellant's Br. 7. Hidalgo, who did not testify at trial, maintains that his characterization of events finds support in the trial testimony of the two deputies and from a prison video recording of the incident. In fact, this evidence is quite to the contrary, confirming the district court's determination that there is no factual foundation for a self-defense charge. Specifically, the evidence demonstrates that Hidalgo was the initial aggressor, announcing even before he punched Bona that he intended forcibly to resist the deputies' performance of their transport duties.

**\*258** For example, as Hidalgo's cell door was opened, and before any deputy entered, Hidalgo defiantly, and profanely, shouted that he "wasn't going" with the marshals, and assumed a fighting stance. App'x 108. Deputy John Serdula closed the cell door and, from outside, he and Bona briefly attempted to speak with Hidalgo about the need to transport him. Hidalgo made

United States v. Hidalgo, 736 Fed.Appx. 255 (2018)

plain that he would forcibly resist their efforts, stating, "if you try to take me, I'll fight you." *Id.* at 34. As the deputies opened the cell door a second time, Hidalgo balled up his fists and shouted, "I'm serious, I'll fight, I'm serious." *Id.* at 36. In such circumstances, the deputies' quick entry into Hidalgo's cell and Deputy Serdula's particular attempt to restrain Hidalgo around the waist admits no objectively reasonable interpretation as an "unlawful" use of physical force. The actions can only reasonably be interpreted as an entirely lawful attempt to secure Hidalgo's person and effect his transportation without risk of his carrying out his threatened forcible resistance. *See Sullivan v. Gagnier*, 225 F.3d 161, 165–66 (2d Cir. 2000) ("The fact that a person whom a police officer attempts to arrest resists, threatens, or assaults the officer no doubt justified the officer's use of *some* degree of force.... The force used by the officer must be reasonably related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer." (emphasis in original) ). The deputies were not entirely successful because, at and about the same time that Serdula was attempting to restrain Hidalgo, defendant punched Bona, breaking his nose. There is no evidentiary foundation for construing this punch as self-defense against the deputies' *unlawful* use of force. The silent surveillance video, which shows only the exterior of the cell and does not record what took place inside the cell, does nothing to undermine the deputies' testimony and offers no support for the self-defense theory.

Accordingly, we identify no error in the district court's denial of Hidalgo's request to charge self-defense.

## 2. Sufficiency of Indictment

[5]Hidalgo argues that he was improperly convicted of enhanced assault under 🚩 18 U.S.C. § 111(b) because the indictment did not allege the "physical contact" element of felony assault, *see* 🚩 *id.* § 111(a). We generally review challenges to the sufficiency of an indictment *de novo*, but where, as here, a defendant did not raise the issue in the district court, we review only for plain error, which is not evident here. *See* 🚩 *United States v. Agrawal*, 726 F.3d 235, 242 (2d Cir. 2013); *see also* 🚩 *United States v. Marcus*, 560 U.S. 258, 262, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010) (stating that plain error is (1) error (2) that is clear or obvious, (3) affecting "substantial rights," and (4) seriously impugning the "fairness, integrity or public reputation of judicial proceedings" (internal quotation marks omitted) ).

[6]Hidalgo's argument fails for two reasons. First, while 🚩 § 111(a) distinguishes misdemeanor assault from felony assault by requiring proof of "physical contact with the victim" for the latter, 🚩 § 111(b) appears by its terms to apply to *either* type of assault in specified aggravating circumstances. It states:

> Whoever, in the commission of *any acts* described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

**\*259** 🚩 18 U.S.C. § 111(b) (emphasis added); *see* 🚩 *United States v. Chestaro*, 197 F.3d 600, 606 (2d Cir. 1999) (recognizing that 🚩 § 111 "creates three distinct categories of conduct": (1) simple assault, (2) felony assault, and (3) assault involving a specified weapon or bodily injury).

[7]But even if the statutory language did not foreclose Hidalgo's urged construction, there is a second reason why he is not entitled to vacatur of his enhanced sentence. He cannot demonstrate that the forfeited indictment error adversely affected either his substantial rights or the fairness, integrity, or public reputation of judicial proceedings.

[8]Notably, Hidalgo does not assert that he was not given fair notice that the charged assault involved actual physical contact, specifically, between his fist and Deputy Bona's face. Indeed, that has been the government's only theory throughout. As this court has observed, as long as a defendant has notice adequate to allow him to prepare a defense, "omissions in the indictment do not affect substantial rights" so as to manifest plain error. 🚩 *United States v. Nkansah*, 699 F.3d 743, 752 (2d Cir. 2012), *abrogated on other grounds by* 🚩 *United States v. Bouchard*, 828 F.3d 116 (2d Cir. 2016). That is necessarily so here, where the district court charged the jury that it had to find physical contact with the victim proved beyond a reasonable doubt to find Hidalgo guilty of the charged assault; otherwise, it could only convict of

United States v. Hidalgo, 736 Fed.Appx. 255 (2018)

the lesser included offense of simple, *i.e.*, misdemeanor, assault. The jury having found Hidalgo guilty of the charged crime upon such instruction, and the record evidence of physical contact being overwhelming, Hidalgo cannot show that the indictment's omission of a contact element here seriously affects the fairness and integrity of his judicial proceedings. *See* *United States v. Cotton*, 535 U.S. 625, 633–34, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (holding that indictment's omission of sentence enhancing drug quantity was not plain error where quantity was convincingly proved; in such circumstances, "real threat" to fairness, integrity, and reputation of judicial proceedings would be if defendants, "despite the overwhelming and uncontroverted evidence that they were involved in a vast drug conspiracy, were to receive a sentence prescribed for those committing less substantial drug offenses because of an error that was never objected to at trial").

Accordingly, Hidalgo is not entitled to vacatur of his § 111(b) sentence based on indictment error.

We have considered Hidalgo's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

**All Citations**

736 Fed.Appx. 255

---

## Footnotes

*      Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

---

End of Document                                             © 2025 Thomson Reuters. No claim to original U.S. Government Works.