# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director*

Michelle A. Gelernt
*Attorney-in-Charge*

August 7, 2025

<u>Via ECF and Email</u>
The Honorable Joanna Seybert
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *United States v. Anibal Edgardo Mejia Guzman*– 25-CR-174 (JS)

Dear Judge Seybert:

The defense respectfully submits this letter in response to the government's motion to strike its self-defense instructions.

As a preliminary matter, the government is incorrect to suggest that Mr. Mejia Guzman should have raised his self-defense theory at the motion *in limine* stage. Unlike alibi, insanity, or public authority defenses, a self-defense theory does not require pretrial notice. S*ee* Fed. R. Crim. Pro. 12.1-12.3.

In addition, the government's motion is premature. Before the Court determines whether a self-defense instruction is appropriate, it must first see what evidence is presented at trial. Without viewing that evidence, the Court cannot know whether the standard for issuing the instruction has been met. *See United States v. Hidalgo*, 736 F. App'x 255, 256 (2d Cir. 2018) ("A defendant is entitled to have the jury instructed on 'any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible that evidence may be'") (quoting *United States v. Rowland*, 826 F.3d 100, 115 (2d Cir. 2016)). Accordingly, the Court should defer consideration of the government's motion until the charge conference.

In any case, the government's motion is meritless, because it appears to misunderstand the charges that the defense has requested. The government relies heavily on *Hidalgo*, an unpublished case that precludes defendants from requesting the ordinary self-defense instruction (*i.e.*, defendant is not guilty if he reasonably believes physical force to be necessary to defend himself from what he reasonably believes to be the use or imminent use of unlawful physical force) when charged with assault on a federal officer. *Id.* at 257. But Mr. Mejia Guzman has not requested the ordinary self-defense instruction. He has requested special self-defense instructions tailored to the specific crime charged (18 U.S.C. § 111) and approved by Sand. *See* Sand et al., Modern Federal Jury Instructions-Criminal ¶ 14.11 & comment (citing the charge of Judge

Keeley in *United States v. Gore*, 592 F.3d 489 (4th Cir. 2010)). Those instructions only permit self-defense if (1) the defendant reasonably failed to recognize the officers as law enforcement or (2) the officers used excessive force to effectuate the arrest. *Id.*

New York law (which the government argues to be controlling) supports both special defenses. Specifically, while N.Y. Penal Law § 35.27 prohibits using physical force to resist arrest, it only applies "when it would reasonably appear [to the defendant] that the [arresting officer] is a police officer or peace officer." Likewise, *People v. Stevenson*, 31 N.Y.2d 108 (1972) (on which the government relies) explicitly states that "there can be no cavil with the proposition that a citizen may use reasonable force in self-defense where the force exerted by the police in effecting an arrest is excessive." *Id.* at 56. Accordingly, both self-defense theories—a reasonable failure to recognize a law enforcement officer and self-defense against excessive force—are well-grounded in New York law. If, at the conclusion of evidence, the Court determines that "there is any foundation in the evidence, no matter how weak or incredible" for these special self-defense instructions, then Mr. Mejia Guzman is entitled to them. *See Rowland*, 826 F.3d at 115.

The government further argues that, if the Court permits the self-defense instructions, it should allow the government to introduce precluded evidence about Mr. Mejia Guzman's immigration status and misdemeanor convictions. This argument defies common sense. Should the Court grant Mr. Meija Guzman's requested instructions, it will add only two, narrow questions to this case: (1) did Mr. Mejia Guzman reasonably mistake the arresting officers for someone other than law enforcement and (2) did the officers use excessive force in effectuating the arrest? *See* Sand et al., Modern Federal Jury Instructions-Criminal ¶ 14.11 & comment (citing the charge of Judge Keeley in *United States v. Gore*, 592 F.3d 489 (4th Cir. 2010)). What immigration status or a prior DWI conviction has to do with either question is, frankly, beyond us. In reality, the government's request is a long shot attempt to backdoor evidence that the Court properly excluded.

Thank you for your consideration of this letter.

Respectfully submitted,

_____/s/_____
Felipe Garcia
Michelle Gelernt
Counsel to Anibal Edgardo Mejia Guzman
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

cc:    All counsel of record